**Entered on Docket**
**December 09, 2016**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**




**The following constitutes the order of the court. Signed December 8, 2016**

**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>TRUNG VAN NGUYEN,<br>Debtor. | Case No. 15-40919 CN<br>Chapter 7 |
| HUNG NGUYEN,<br>Plaintiff,<br>vs.<br>TRUNG VAN NGUYEN,<br>Defendant. | Adversary No. 15-4067<br>**MEMORANDUM DECISION AFTER TRIAL** |

On December 6, 2016, this court conducted a trial in this adversary proceeding. All appearances were noted on the record. Plaintiff Hung Nguyen ("Nguyen") asserts claims for relief under §§ 523(a)(6), 727(a)(2) and (4) against defendant Trung Van Nguyen ("Van Nguyen"). In an order entered on August 31, 2016, this court granted partial summary judgment on the substantive elements of his § 523(a)(6) claim for relief, but denied summary judgment on damages. The court also denied Nguyen's motion for summary judgment on his § 727(a)(2) and (4) claims. Accordingly, as to the § 523(a)(4) claim, the court took evidence solely on the issue of Nguyen's damages. Nguyen's counsel informed the court before the trial commenced that she intended to dismiss his § 727 claims. The court informed the parties that it would notice the proposed dismissal of these claims to all interested parties under Federal Rule of Bankruptcy Procedure 7041.

The following constitutes this court's findings of fact and conclusions of law under Federal



Case: 15-04067 Doc# 45 Filed: 12/08/16 Entered: 12/09/16 12:15:27 Page 1 of 4

Rule of Bankruptcy Procedure 7052.

On November 28, 2012, as a result of an altercation between the parties, Van Nguyen injured Nguyen by smashing a beer bottle over his head and ramming Nguyen with his car. This court determined via summary judgment that this constituted willful and malicious conduct under §523(a)(6), but reserved the issue of damages for trial. Nguyen, who apparently is in a nursing home, did not testify. His only witness was his chiropractor, James Chau, who treated him from November 29, 2012 through February 27, 2013. Chau is an experienced, licensed chiropractor who regularly treats personal injury victims and workers compensation applicants. Chau's testimony and office records indicate that he treated Nguyen immediately after the incident, and that he had moderate to severe pain in his back, knee and neck, and numbness in his arms and legs due to the incident. Nguyen had three MRIs to determine the source of the pain, and one epidural injection to alleviate it. Chau testified that the MRIs showed some bulging discs, and that while Nguyen was mobile, he was in pain. Chau also testified that Nguyen's pain continued during the three months he treated him, and that Nguyen did not improve with traditional chiropractor services. He further stated that he stopped treating Nguyen because Nguyen could not afford his services. Chau billed Nguyen $3,600 for his services, and estimated that the MRIs and epidural (which Chau apparently did not administer) may have cost $13,000. Nguyen did not offer any other evidence in support of his damages request.

Bankruptcy Code § 523(a)(6) prevents a debtor from discharging a debt for willful and malicious injury by the debtor to another entity or ro the property of another entity. This court has the jurisdiction to enter a non-dischargeable money judgment, and now must now determine the extent of that "injury" in dollars. *See In re Sasson*, 424 F.3d 864 (9th Cir. 2005). Under California Civil Code § 3281, "Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." First, Nguyen is entitled to his out-of-pocket" expenses arising from the assault. Chau testified that he charged $3,600 for his services, and Nguyen is therefore entitled to be awarded this amount as damages. Chau, however, did not administer nor charge for the MRIs or the epidural injection. While he testified that these procedures may cost as much as $10,000 per epidural and



Case: 15-04067 Doc# 45 Filed: 12/08/16 Entered: 12/09/16 12:15:27 Page 2 of 4

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

$3,000 per MRI, he has no personal knowledge of their actual cost. *See* Federal Rule of Evidence 602. This court will not speculate regarding the actual cost of these procedures, and therefore declines to award these amounts as damages.

Physical pain is also a compensable injury. This issue must be resolved by "impartial conscience and judgment of jurors [or a judge] who may be expected to act reasonably, intelligently and in harmony with the evidence." *Capelouto v. Kaiser Foundation Hospitals*, 7 Cal.3d 889, 892-93, 103 Cal.Rptr. 856, 500 P.2d 880 (1972). Moreover, "For harm to body, feelings or reputation, compensatory damages reasonably proportioned to the intensity and duration of the harm can be awarded without proof of amount other than evidence of the nature of the harm. There is no direct correspondence between money and harm to the body, feelings or reputation. There is no market price for a scar or for loss of hearing since the damages are not measured by the amount for which one would be willing to suffer the harm. The discretion of the judge or jury determines the amount of the recovery, the only standard being such an amount a reasonable person would estimate as fair compensation." [citation omitted.] *Duarte v. Zachariah*, 22 Cal.App.4th 1652, 1664-65, 28 Cal.Rptr.2d 88 (1994).

While Van Nguyen questioned the severity of Nguyen's pain because he continued to work, the evidence establishes that Nguyen was in moderate to severe pain while Chau treated him. The court determines that Nguyen should recover $25,000 in damages for the pain caused by the assault. This court recognizes that Nguyen's trial brief sought substantially more in damages. The court is constrained, however, by the scope of the evidence introduced during trial. Chau was the sole source of evidence regarding pain and suffering, and he only treated Nguyen for three months. No evidence was introduced to establish the extent of Nguyen's pain after his last chiropractic session with Chau.

Accordingly, Nguyen is entitled to a $38,600.00 non-dischargeable judgment under Bankruptcy Code § 523(a)(6) against Van Nguyen. Nguyen's counsel shall prepare and submit an appropriate judgment.

*** * * END OF ORDER * * ***

**COURT SERVICE LIST**

Trung Van Nguyen
1143 Viewpoint Blvd.
Rodeo, CA 94572

Other recipients are ECF participants

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California



Case: 15-04067 Doc# 45 Filed: 12/08/16 Entered: 12/09/16 12:15:27 Page 4 of 4